IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | |
| GARY SMITH | : | NO. 07-571 |

**MEMORANDUM AND ORDER**

**Gene E.K. Pratter, J.**                                                                                         September 12, 2008

      Gary Smith was convicted on July 10, 2008 by a jury of the crimes of possessing with intent to distribute 161 grams of a mixture or substance containing a detectable amount of cocaine base ("crack") and possessing a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 924(c)(1). Prior to the trial, Mr. Smith had been released on bail, subject to certain conditions, to all of which Mr. Smith had adhered without negative incident.[1] Upon the entry of the jury's verdict, the Government moved for revocation of Mr. Smith's bail, a motion that the Court granted. At that time, the Court reminded Mr. Smith that he could submit a motion to reinstate bail pending sentencing if Mr. Smith was prepared to present grounds for invocation of 18 U.S.C. § 3143(a) which sets forth the statutory requirements for permitting a convicted defendant's release on bail pending sentencing. Mr. Smith has indeed made such a motion which the Government opposes.

      Having been convicted of a drug offense punishable by a mandatory minimum 10 year

---

[1] Mr. Smith was initially incarcerated from October 11, 2006 until January 11, 2008 when the Court entered an Order (Docket No. 27) delineating certain terms and conditions upon which Mr. Smith was released on bail pending trial.

sentence up to life imprisonment and a firearms offense that carries a mandatory 5 year minimum sentence, Mr. Smith's motion must be evaluated against the statutory presumption of detention and the requirements of 18 U.S.C. § 3143(a) upon which the Government bases its argument that Mr. Smith should continue to be detained pending sentencing.

Pursuant to § 3143(a), a defendant such as Mr. Smith who has been found guilty after trial of a drug offense or other offense that triggers a presumption of detention should be detained pending sentencing, unless the Court finds (1) that there is a substantial likelihood that a motion for acquittal or a new trial will be granted,[2] or, (2) Government's counsel has recommended that no sentence of imprisonment be imposed, and (3) the Court finds by clear and convincing evidence that Mr. Smith is not a flight risk or a danger to the community.  Mr. Smith does not meet the demands of Section 3143(a), and the Court must deny his motion.

Mr. Smith's motion does not address his expected post-trial arguments, so the Court cannot anticipate, much less evaluate, the merit of Mr. Smith's position with respect to any claim for an acquittal or new trial.  The averment in his motion that Mr. Smith "feels that he has substantial argument as to Rule 29 and Rule 33 Motions" is neither persuasive or sufficient. Likewise, the Government has stated unequivocally that its counsel will argue for "a lengthy term of imprisonment" at the time of Mr. Smith's sentencing, so that it appears that Mr. Smith will be facing at least 15 years' imprisonment.

As for whether Mr. Smith poses a flight risk or danger, his motion correctly recounts that he had a successful period of release on bail for almost six months prior to trial.  He also avers

---

[2]Mr. Smith has been granted an extension of time to file his post-trial motions.  (Docket No. 67).  He has not yet submitted any post-trial motions, so the Court cannot assess the merit of any arguments Mr. Smith may be presenting.

that he will have employment if released.  Finally, Mr. Smith suggests that he has no more motivation to flee now after conviction than he did prior to trial, essentially because he always knew "what has awaited him if he was ever found guilty of the charges."  Mr. Smith's arguments do not provide "clear and convincing evidence" that he is not a flight risk or danger to the community.  As to the latter, the Court sees a fundamental difference between contemplating possible punishment through the hopeful prism of a chance - - however remote - - of acquittal on the one hand and the virtual certainty of a 15 year incarceration on the other.  The Court need not find that Mr. Smith will flee if released or may be a flight risk, but rather the Court would have to have been persuaded of the contrary, namely that he <u>is</u> <u>not</u> a flight risk.  This Mr. Smith has not done.  Moreover, as for the Court's inescapable responsibility to be mindful of the risk of danger that Mr. Smith may pose, the Court must look in the first instance to Mr. Smith's actual prior conduct.  The Government correctly notes that the conviction in this very case concerned Mr. Smith's drug business activities in his mother's home where his child was frequently present, as well as the presence of a firearm in furtherance of that drug trafficking activity.  This conduct reflects inherently dangerous conduct that puts the community at risk, particularly risks that Mr. Smith did not shy away from in the past.

     Mr. Smith has not rebutted the presumption of detention.  Pursuant to 18 U.S.C. § 3143(a), the Court must deny Mr. Smith's motion and require his continued detention pending sentencing.

                                          BY THE COURT:

                                          <u>S/Gene E.K. Pratter</u>
                                          Gene E.K. Pratter
                                          *United States District Judge*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | |
| GARY SMITH | : | NO. 07-571 |

**O R D E R**

**AND NOW**, this 12th day of September, 2008, upon review of September 2008 review of the Defendant's Motion for Reinstatement of Bail Pursuant to 18 U.S.C. § 3143(a) (Docket No. 66), together with the Government's Response (Docket No. 68), it is hereby **ORDERED** that the Motion is **DENIED** and Defendant Gary Smith shall remain detained pending his sentencing.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER,		J.
*United States District Judge*