IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | |
| GARY SMITH | : | NO.  07-571 |

**MEMORANDUM AND ORDER**

**Gene E.K. Pratter, J.**                                                                                           **December 24, 2008**

**INTRODUCTION**

     Gary Smith stands convicted by a jury of one count of possession with the intent to distribute a controlled substance, namely 161 grams of cocaine base, and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A) and 18 U.S.C. §924(c), respectively.  Mr. Smith timely invokes Federal Rule of Criminal Procedure 29 and seeks acquittal on both charges because, he contends, the evidence presented during his trial was not sufficient to support the guilty verdicts returned by the jury.  Specifically, Mr. Smith correctly notes that none of the trial evidence puts either the drugs or the firearm directly in Mr. Smith's hands.  However, on the basis of the whole of the evidence, when viewed in the light most favorable to the Government as required by, for example, United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999), and United States v. Frorup, 963 F.2d 41, 42 (3d Cir. 1992), the Court denies Mr. Smith's motion because there is substantial evidence in the trial record from which any rational trier of fact could have found guilt on both counts beyond a reasonable doubt.

**FACTUAL BACKGROUND**

In October 2006 Philadelphia narcotics agents initiated surveillance on the 100 block of East Pleasant Street where Mr. Smith's various movements were documented by Officer Matthew Farris and others. Specifically, Officer Farris testified that he observed Mr. Smith arrive in a black Monte Carlo and go unimpeded into the residential premises at 136 East Pleasant Street. Soon thereafter, Mr. Smith was seen leaving that house, going freely into 156 East Pleasant Street for a brief stay before returning to the first location, again without any obstacle to his independent access to the premises at 136 East Pleasant Street. Officer Farris also told the jury that he resumed the surveillance a week later. At that time, according to his testimony, Officer Farris observed Mr. Smith leave the 136 East Pleasant Street location, get into the front passenger seat of the Monte Carlo and reach down to the floorboard to secure a clear sandwich-sized plastic "baggie." The officer saw Mr. Smith quickly then get out of the car and engage a man on the sidewalk to whom Mr. Smith gave a number of items from the plastic bag. The man gave currency to Mr. Smith in exchange.

Officer Gary Francis testified concerning his process of taking information provided by Officer Farris and other narcotics investigators to secure a search warrant for 136 East Pleasant Street and the Monte Carlo.[1] The search warrant delineated the items to be located, as well as the materials recovered from the search of the residential location, specifically a quantity of "crack" cocaine, a gun, and U.S. currency.

Another Philadelphia police officer, Brian Dietz, then testified to his participation in the

---

[1] Mr. Smith's motion to suppress evidence collected on the strength of the search warrant was denied by the Court's Order of March 26, 2008 (Doc No. 36)

search of the house at 136 East Pleasant Street.  Officer Dietz explained to the jury that he was responsible for searching the dining room where he immediately inspected the top of the china cabinet because of the officer's considered judgment that that would be a suitable hiding place for contraband and paraphernalia.  Therefore, Officer Dietz stood on a chair, looked at the top of the cabinet and retrieved the following: a loaded silver Smith & Wesson .40 caliber firearm, 11 additional rounds of ammunition, a zip lock plastic bag holding large white chunks of a substance, and a smaller knotted sandwich baggie that contained more of the same substance.  The officer also secured a plate on which there was a white residue, two forms of picture identification in the name of Gary Smith, as well as mail addressed to Mr. Smith, all reflecting the 136 East Pleasant Street address.  Various other paraphernalia, as well as the firearm (all described by Officer Kevin Keyes as often found with illegal narcotics), were also found by Officer Dietz on the china cabinet.  Finally, Officer Dietz testified that when the police officers entered the residence, the officers found there an elderly woman and young child, both believed to be closely related to Mr. Smith inside.

      Mr. Smith was not on or in the premises at the time of the search.  None of the physical evidence was found on his person.


**LEGAL DISCUSSION**

      The upshot of Mr. Smith's Rule 29 motion is that the Government's case rested on a combination of the law enforcement officers' interpretive observation of "suspicious behavior" by Mr. Smith, the seizure of the contraband in the house and the two identification documents and the mail connecting Mr. Smith to the 136 East Pleasant Street location.  These pieces of

evidence, according to Mr. Smith, is insufficient to support a legitimate guilty verdict.

While the evidence may not be so overwhelming as to support nothing but a guilty verdict, that, of course, is not the legal standard applicable to a Rule 29 motion. Rather, the admonition to the trial court is to be "ever vigilant...not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." United States v. Brodie, 403 F.3d 123, 133 (3d. Cir. 2005) (citing United States v. Jannotti, 673 F.2d 578, 581 (3d Cir. 1982)). Moreover, the Government correctly argues that in order to preserve the jury's guilty verdict, "the evidence 'does not need to be inconsistent with every conclusion save that of guilty.'" United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990) (quoting Gov't of the Virgin Islands v. Williams, 739 F.2d 936, 940 (3d Cir. 1984)).

Here, the jury was presented sufficient evidence to find beyond a reasonable doubt that the Government proved that Mr. Smith (1) acted knowingly or intentionally and (2) constructively possessed the "crack" cocaine, as well as the firearm. Indeed, the entire post-verdict dispute here centers on the sufficiency of the evidence concerning constructive possession. According to our Court of Appeals, someone has constructive possession if he or she "has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons..." United States v. Garth, 188 F.3d 99, 112 (3d Cir. 1999). While "mere proximity" to the object in question, or "mere association" with the person who does control it, is not enough, id at 112, here the jury heard evidence that would permit a conclusion that Mr. Smith was connected himself much more definitively to the contraband.

Specifically, the jury received uncontroverted testimonial evidence that surveillance law

4

enforcement officers saw Mr. Smith enter the 136 East Pleasant Street location at will several times, all without knocking at the door, ringing the bell, or otherwise seeking any entry permission.  The officers also testified under oath that they saw Mr. Smith engage in conduct that was consistent with illegal drug transactions all in the immediate environs of the house at 136 East Pleasant Street.  Finally, the law enforcement witnesses explained that they found mail and identification documents with Mr. Smith's name and picture as well as the 136 East Pleasant Street address set forth, retrieving those materials from the same specific place in the house as they located the contraband.  From all of this evidence, the jury could naturally conclude, beyond a reasonable doubt, that Mr. Smith had ready access to the 136 East Pleasant Street residence. They similarly could conclude Mr. Smith had unfettered power and intention to exercise control over the drugs and gun that are at the core of the charges of which Mr. Smith was convicted.

      Accordingly, Mr. Smith's Rule 29 motion is denied, and the jury's verdict is upheld in all respects.  An Order to this effect follows.

      BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER,     J.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | |
| **GARY SMITH** | : | NO. 07-571 |

**O R D E R**

AND NOW, this 24th day of December, 2008, upon consideration of the Motion of Gary Smith for Judgment of Acquittal Pursuant to Rule 29 (Docket No. 72) and the Government's Response in Opposition (Docket No. 73), and after reviewing the transcript of the trial in this matter, it is **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER,         J.
United States District Judge